WALTER A. EDWARDS, Trustee *vs.* HAROLD G. MARTIN *et al.*

JUNE 26, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Inheritance Tax.*

Payment of a tax assessed by the State Board of Tax Commissioners upon the transfer of a life estate to son of testatrix, should be charged by the trustee against the income payable to the owner of the life estate and not against the *corpus* of the trust estate.

*(2)  Inheritance Tax.  Life Estate in Income.*

The tax imposed under the Inheritance Tax Act, Pub. Laws, cap. 1339, amended by Pub. Laws, cap. 1946, on a life estate in the income of a trust fund, is a tax not on property but on the right to receive at the death of testator a transfer of property theretofore owned by testator, and it is the intent of the statute that the tax should be paid by the person upon whom the right is conferred.

(*3*)  *Wills.  Inheritance  Tax.*

Where there is nothing in the terms of a will or the nature of the bequests to indicate that an omission to relieve legacies from the burden of the inheritance tax, was accidental, the court cannot draw that inference.

BILL IN EQUITY by trustee for instructions.  Certified under Gen. Laws, cap. 289, § 35.

STEARNS, J.    This is a suit in equity brought by the complainant, as trustee under the will of Ellen Martin, late of Providence, for instructions, which being ready for hearing for final decree has been certified to this court.    (Gen. Laws, Chapter 289, § 35.)

By her will, testatrix devised and bequeathed the residue of her estate both real and personal in trust, the net income of certain specified corporate stocks to be paid by the trustee to her grandson during his lifetime and the net income of the remainder of the trust estate to be paid to the son of testatrix during his lifetime with remainders to persons not now ascertainable.

The State Board of Tax Commissioners assessed the taxes upon the transfers of the life estates under the will to the respondents, the son and grandson of testatrix, pursuant to the Inheritance Tax Act of 1916.    (Public Laws, 1916, Chapter 1339 as amended by Public Laws, 1920, Chapter 1946.)

The trustee paid the taxes and now asks for instructions from this court as to whether the portion of the taxes attributable to the life interest of Harold G. Martin, son of the testatrix, in said trust estate should be charged against the income payable to the said Harold G. Martin or against the capital from which such income is derived.

Our answer is that the payment of the tax in question should be charged against the income payable to Harold G. Martin the owner of the life estate and not against the *corpus* of the trust estate.

In the recent case of *Hazard* v. *Board of Tax Commissioners*, 43 R. I. 431, the general provisions of the Inheritance

Tax Act are set out and the nature of the taxes imposed by
the act is determined.    The R. I. Inheritance Tax Act,
unlike all but one of the state acts on the subject, imposes
upon the transfer of a decedent's property an estate tax by
Section 1 and a succession or legacy tax by Section 5.    Said
Section 5, which is the section under authority of which the
tax in question was imposed, imposes a tax on "the transfer"
of any property or the income therefrom to any person, in
trust or otherwise, "as a tax upon the right to receive,"
when the transfer is under a will or by the statutes of
descent and distribution of this state and in certain other
cases not material to the cause before us.

The tax imposed on the life estate in the income of the
trust fund which the respondent Harold G. Martin took
under the terms of the will, is a tax not on property but on
the right given by statute to the beneficiary to receive at the
death of the testatrix a transfer of property heretofore owned
by testatrix.    The value of the legacy is determined as of
the date of death and the value of the property given by the
bequest or devise is made the measure of the tax.    By
Section 13 it is provided that the value of the life estate
shall be fixed upon the "American Experience Tables" of
mortality at five per centum per annum, and the value of the
remainder shall be ascertained by deducting the value of the
life estate from the fair cash value of the property so limited.
The tax on the life estate and remainder is due and payable
immediately and is a lien upon the entire property limited,
until paid.

Section 6 provides that all taxes imposed by Section 5
shall be assessed upon the full and fair cash value of the
property transferred according to a classification and table
of rates provided by the act.

By Section 11, it is provided that any executor, admin-
istrator trustee, or person beneficially interested in the
property chargeable with a tax under the provision of Sec-
tion 5 may elect, with the approval of the Board of Tax
Commissioners and upon the giving of a bond, not to pay

the tax until the person or persons beneficially interested shall come into actual possession or enjoyment of such property. Throughout the act the estate of the life tenant and the estate of the remainderman are treated as distinct and separate estates. Without reference in greater detail, to other provisions of the act, it is clear upon consideration of the act that the first object sought therein was to secure the prompt payment of the tax to the state; this having been accomplished, it was the intent that the tax upon "the right to receive" should be paid by the person upon whom the particular right is conferred by statute. The question is one of statutory interpretation.

In *Goddard* v. *Goddard*, 9 R. I. 293, this court, in a case which arose under a federal statute presenting a question similar to the one now under consideration, held that a legatee under a will must pay the duty required in respect of the legacy and that the fact that an amendment to the Federal Act made subsequently provided that the tax should be deducted from the particular legacy, made no change in the act but that such amendment was simply declaratory and designed to obviate any question in regard to the construction of the act. That unless such legacies were expressly exempt from the payment of taxes by the terms of the will, the person receiving the benefit should take the burden with it. To the same effect is the case of *Fitzgerald* v. *R. I. Hospital Trust Co.*, 24 R. I. 59.

By the will the trust property was divided into two estates: (1) the estate for life; (2) the estate in remainder. By the inheritance act an individual tax is imposed on each of the two estates, the value of each estate being determined as at the date of the death of testatrix, the total taxable value of the trust estate being the sum of the taxable values of each of the two estates carved out of the property transferred in trust.

Section 18 provides that unless the will shall direct that taxes imposed by Section 5 shall be paid from the residue or

as an expense of administration the executor or trustee shall collect and pay the tax in the manner specified therein.

The failure of the testatrix to exercise her right to relieve the legacies and the legatees from the burden of the tax, may have been due, as is suggested, to a lack of skill or knowledge on the part of the draftsman of the will. But this is simply a conjecture and there is nothing in the terms or the nature of the bequests which gives any indication that such an omission was accidental. On the contrary it is quite as probable that the payment of the tax by each beneficiary, based on the gift to each one, is in accordance with the intention of the testatrix.

To hold that the two taxes should be paid out of the *corpus* of the estate would result in the life tenant escaping the payment of any tax and the imposition on the remainderman of a double tax and the payment by the latter of a tax upon a transfer of property of certain income which he never would receive and which it was never the intention that he should receive. Such a result is inequitable and we find nothing in the act which warrants such a conclusion.

The parties may, on July 2, 1923, at nine o'clock a. m., Standard time, present to this court a form of decree in accordance with this opinion.

*Walter A. Edwards, Trustee, pro se ipso.*

*Edwards & Angell,* for respondents Harold G. Martin and Harold G. Martin, Jr.

*John C. Knowles,* for contingent interests, etc.